NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIANTIAN ZHAI, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 12-1504 (JLL) |
| v. | : | |
| STEVENS INSTITUTE OF TECHNOLOGY et al., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

**I.     INTRODUCTION**

This matter is before the Court by way of Defendants the Trustees of the Stevens Institute of Technology ("Stevens") and Joseph Stahley's ("Stahley") (collectively "Defendants") motion to dismiss Plaintiff Tiantian Zhai's ("Zhai") Complaint pursuant to Federal Rule of Civil Procedure 37.  See ECF No. 17.  Zhai filed no response to Defendants' motion.  Pursuant to Local Civil Rule 72.1, the Honorable Jose L. Linares, United States District Judge, referred the motion to the Undersigned for Report and Recommendation.  Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument.  For the reasons set forth below, the Undersigned respectfully recommends that that this matter be dismissed without prejudice and that Plaintiff be allowed to refile his Complaint if Plaintiff returns to the country within six months of Judge Linares' order on this Report and Recommendation.

## II. BACKGROUND

### A. Factual Background

Zhai, a Chinese national, attended Stevens on a student visa from 2003 to 2010. See Compl., ECF No. 1 ¶¶ 3-4. Zhai alleges that in March 2010, Stahley, Stevens' Assistant Vice President for Student Development, received "information" that caused Stahley to "call[] into question [Zhai's] mental health and stability." Id. at ¶ 5. This "information" may have related to an acquaintance of Zhai "seeking to press charges" against Zhai in New York City on or about March 9, 2010. Id. ¶ 6. While Zhai claims he was cleared of any wrongdoing, Stevens suspended him on or about March 11, 2010. Id. ¶¶ 7-8.

On April 14, 2010, Zhai called Stevens. Id. ¶ 9. What was said during this call is a central issue in this case. Zhai contends that he called "regarding an administrative matter." Id. ¶ 9. It appears that the Stevens employee felt threatened by Zhai, however, because an arrest warrant was issued for Zhai for making terroristic threats in violation of N.J. Stat. Ann. 2C:12-3A. Id. ¶ 10. On or about April 15, 2010, Zhai was arrested by a member of the Stevens Campus Police and an U.S. Immigration and Customs Enforcement agent. Id. ¶ 11. Zhai claims that while a Stevens employee told him he had to leave the United States by April 27, 2010, he was told during his arrest that his visa had already expired. Id. ¶¶ 8, 11. Plaintiff was detained at the Hudson County Correctional Facility until he was deported to China on August 9, 2010. Id. ¶ 12.

### B. Procedural History

Zhai filed this action in the Superior Court of New Jersey, Law Division, Hudson County on January 31, 2012. See Compl., ECF No. 1. This matter was removed to this Court on March

9, 2012.  See Notice of Removal, ECF No. 1.  Plaintiff alleges, among other things, wrongful arrest and detention by Defendants.

On July 17, 2012, the Initial Scheduling Conference in this matter was held before the Undersigned and a Pretrial Scheduling Order was entered, requiring fact discovery be completed by March 1, 2013.  See Order, ECF No. 9.  Following a telephone status conference on February 19, 2013, the Court, having been advised that Zhai had not returned to the United States, extended fact discovery through June 1, 2013.  See Order, ECF No. 11.

Another telephone status conference occurred on May 24, 2013.  During this conference, Defendants raised the issue of deposing and conducting an independent medical evaluation ("IME") of Zhai.  On May 24, 2013, the Court ordered that: (1) if Zhai returned to the United States for his deposition and IME by July 15, 2013, the parties would submit a jointly proposed amended scheduling order; or (2) if Zhai did not return to the United States by July 15, 2013, Defendants could seek relief by formal motion.  See Order, ECF No. 13.  In either case, the Court ordered that fact discovery would be completed by July 15, 2013.  Id.

On July 24, 2013, the parties submitted a joint status report, in which Zhai's counsel advised that "Plaintiff is unable to gain re-entry to the United States."  See July 24, 2013 letter, ECF No. 14.  Defendants requested leave to file a motion to dismiss, which the Court granted. Id.; Order, ECF No. 16.  On September 27, 2013, Defendants filed the instant motion, seeking dismissal with prejudice.  See Mot. to Dismiss, ECF No. 17.  No opposition to the motion was filed.

On October 10, 2013, the Undersigned issued a report and recommendation on the instant motion, in which the Undersigned recommended that Plaintiff's Complaint be dismissed without prejudice.  See ECF No. 18.

3

On October 23, 2013, Plaintiff filed his response to the report and recommendation. See ECF No. 19. While Plaintiff did not object to the Court's dismissal of Plaintiff's Complaint, Plaintiff requested that he be allowed to refile the Complaint if he is able to return to the United States within one year. See id. at 1. Plaintiff seeks such a conditional dismissal because the statute of limitations will run on a number of Plaintiff's causes of action and, absent equitable tolling, the Court's dismissal without prejudice will, in effect, preclude recovery on these claims. Id.

Defendants filed their response on November 8, 2013. See ECF No. 22. Defendants argue that any form of tolling is not be appropriate, in part because it is not Defendants' fault that Plaintiff cannot reenter the country and appear for his deposition or examination. See id. at 3-4.

On November 19, 2013, the Hon. Jose L. Linares ordered that the instant motion be remanded to the Undersigned such that the parties' arguments can be incorporated into the Court's report and recommendation. See ECF No. 23.

### III. MOTION TO DISMISS

A motion to dismiss a complaint for failure to participate in discovery pursuant to Federal Rule of Civil Procedure 37(b) and (d) is governed by the six-factor test established by the Third Circuit Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). In Poulis, the Third Circuit directed that the Court consider:

> (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Id. at 868 (emphasis in original); see also Huertas v. City of Phila., 139 F. App'x 444, 445 (3d Cir. 2005).

No single Poulis factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. See Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); Hovey v. LaFarge N. Am. Inc., Civ. No. 07-2193, 2008 WL 305701, at *2 (D.N.J. Jan. 29, 2008) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)); see also Rosado v. Adams, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D.Pa. Apr. 30, 2009) (applying Poulis analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### A. The Extent of Zhai's Personal Responsibility

A civil plaintiff is responsible for the prosecution of his case. While the Court recognizes that Zhai may be unable to travel from China to the United States, Zhai voluntarily chose to bring this action against Defendants and the record demonstrates that, from the earliest stages of this litigation, Zhai was aware that there was a risk that he would not be returning to this jurisdiction, and, therefore, could not participate in this litigation. For example, in the parties' Joint Discovery Plan, the parties listed Zhai's residence in China as a "special discovery need." See ECF No. 6. At the Initial Scheduling Conference on July 17, 2012, Zhai's counsel advised the Court that there was uncertainty as to when Zhai could return to the United States to participate in the litigation. See Certification of Rebekah R. Conroy in Support of Motion to Dismiss, ECF No. 17-2 ¶ 2.

The record also demonstrates that Zhai's counsel has participated fully in this litigation (e.g., working with Defendants' counsel to prepare joint discovery plans, participating in the Initial Scheduling Conference and subsequent telephone status conferences). Therefore, of all

parties and counsel involved in this litigation, Zhai is the only individual upon whom responsibility can be placed for the fact that this litigation has not, and cannot, progress.

This factor weighs in favor of dismissal.

### B. Prejudice to Defendants

Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. See Ware, 322 F.3d at 222-24; Dos Santos v. Borough of Flemington, Civ. No. 10-1348, 2012 WL 406402, at *7 (D.N.J. Jan. 4, 2012) Here, prejudice to Defendants is clear. Because Zhai has not, and apparently cannot, return to the United States, Defendants cannot depose Zhai nor conduct an independent medical examination ("IME"). Therefore, Defendants are precluded from obtaining necessary discovery to defend this case. Furthermore, Zhai's non-responsiveness has caused the futile expenditure of time and costs to secure discovery responses and has stalled the prosecution of this case for many months. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920–21 (3d Cir. 1992); Dukin' Donuts Franchised Restaurants LLC v. JF-Totowa Donuts, Inc., Civ. No. 09-2636, 2013 WL 1352246, at *3 (D.N.J. Apr. 2, 2013).

Accordingly, this Poulis factor favors dismissal.[1]

### C. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of the N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). In its Initial Scheduling Order, the Court ordered that factual discovery be

---

[1] However, it is also apparent that Zhai's return to this country would allow Defendants to depose him and conduct an IME.

completed on or before March 1, 2013. Order, ECF No. 9. On two occasions, the Court amended this scheduling deadline and extended fact discovery in order to afford Zhai the opportunity to return to the United States and participate in this litigation. See Orders, ECF Nos. 11, 13. The Court's Second Amended Scheduling Order made clear to Zhai that the Court would again amend its schedule if Zhai appeared for an IME and deposition, but his failure to appear by July 15, 2013 would result in the Court allowing Defendants to seek appropriate relief. See Order, ECF No. 13. Regardless of the reason for Zhai's failure to appear, the fact remains that Zhai has consistently failed to participate in discovery, which has led to repeated delays in this case.

Critically, Zhai has not asserted that he would or could appear if an additional extension was given. Compare Smith v. Twin Express, Inc., Civ. No. 07-1400, 2008 WL 4610002, at *1 (W.D.Pa. Oct. 14, 2008) (dismissing matter with prejudice when plaintiff failed to appear for an IME) with Watson v. Dureault, Civ. No. 07-779, 2008 WL 2571405, at *4 (E.D.Pa. June 24, 2008) (finding dismissal was inappropriate when plaintiff expressed a willingness to appear for an IME after previously failing to appear). Therefore, there is no reason to conclude that Zhai will return to the United States imminently, or this problem will abate any time in the reasonably foreseeable future.

Therefore, this factor weighs in favor of dismissal.

**D. Willfulness or Bad Faith**

Defendants do not allege, nor does the Court find, bad faith. Instead, it appears that Zhai is unable to renter the United States, which makes his appearance at either a deposition or IME impossible.

7

**E. Alternative Sanctions**

Defendants seek the sanction of dismissal with prejudice. Dismissal with prejudice has been described as the ultimate sanction, and courts should not dismiss a case with prejudice if alternative sanctions are available. See In re MacMeekin, 722 F.3d 32, 34 (3d Cir. 1983).

In many of the cases cited to by Defendants in their moving brief, the party against which dismissal was sought could have attended the deposition or IME, but made the willful choice not to attend. See Smith, 2008 WL 4610002, at *1; Mikanda, 2007 WL 1544698, at *2; Conaway, 2006 WL 3231406, at *1. In this case, however, there does not appear to be any willfulness or bad faith by Zhai. Instead, he simply cannot return to the United States and no sanction will compel his appearance. As noted above, Zhai's counsel has litigated this matter quite diligently under the circumstances, such that Zhai has participated in this matter to the extent he is able. Therefore, while Defendants seek dismissal with prejudice, the Court concludes that the appropriate sanction would be dismissal of this matter without prejudice, such that Zhai could refile his Complaint if he is able to return to the United States for a deposition and IME.

**F. Meritoriousness of the Claims or Defenses**

Finally, the Court must consider the merits of Zhai's claims and the Defendants' defenses. However, the Court cannot adequately assess this factor due to Zhai's failure to satisfy his discovery demands. See Porten v. Auto Zone, Civ. No. 10-2629, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011) (citing Devito v. C.M.S. Dep't, Civ. No. 05-3438, 2006 WL 756014, at *3 (D.N.J. Mar. 17, 2006)). Therefore, this factor is neutral.

## IV. TYPE OF DISMISSAL

In Brennan v. Kulick, the Third Circuit recognized that "a complaint that is subsequently dismissed without prejudice is treated for statute of limitations purposes as if it never existed" and, therefore, a "dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." 407 F.3d 603, 606 (3d Cir. 2005). A statute of limitations will, however, be considered tolled "if the order of dismissal grants leave to amend within a time certain." Id. at 607. This distinction makes logical sense as "[a]n order dismissing a complaint without prejudice could result in a significant period of delay prior to the brining of a new action" but a conditional dismissal will "prevent a plaintiff from indefinitely extending the limitations period." Id.

Plaintiff requests that the Court expressly grant Plaintiff leave to refile his Complaint if he is able to return to the United States within one year. Plaintiff argues this one-year period is appropriate as Plaintiff is diligently attempting to obtain permission to reenter the United States and his inability to obtain reentry is a direct result of Defendants' false allegations. See ECF No. 19, at 2.

Defendants argue that Plaintiff cannot meet the standards of equitable tolling as Plaintiff delayed in filing his Complaint, the purpose of statutes of limitation would be frustrated if an extension is granted, and Defendants have not prohibited Plaintiff's reentry. See ECF No. 22.

The Court concludes that dismissal should be expressly conditioned upon Plaintiff's right to refile if Plaintiff is able to return to the United States and fully comply with his discovery obligations within six months of Judge Linares' order on this Report and Recommendation. Defendants' reliance on Oshiver v. Levin, Fishbein, Sedran & Berman for the proposition that

9

Defendants must be responsible for Plaintiff's inability to prosecute his case for the statute of limitations to be tolled is misplaced. In that case, the Third Circuit recognized, when reviewing an untimely complaint, that equitable tolling may be appropriate "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." 38 F.3d 1380, 1387 (3d Cir. 1994). Assuming that Plaintiff would need to demonstrate the existence of one of these conditions for the Court to determine, in its discretion, that Plaintiff must refile his Complaint within a time certain, the Court would conclude that Plaintiff has met his burden because Plaintiff has "in some extraordinary way [] been prevented from asserting his or her rights." See also In re Positive Directions Unlimited, Inc., 56 B.R. 421, 422 n.1 (Bankr. D.N.J. 1985) (recognizing a court may dismiss an original pleading if it is not amended within a time certain pursuant to Rule 15); Brookman v. Twp. Of Hillside, No. 09-2178, 2009 WL 4730197, at *4-5 (D.N.J. 2009) (separately analyzing whether the statute of limitations was tolled because the dismissal was conditional and whether the principles of equitable tolling should apply). Moreover, as noted above, Plaintiff has exercised reasonable diligence in bringing his claims and has participated, to the extent possible, in discovery. Therefore, the Undersigned believes Plaintiff should be afforded the opportunity to make one final attempt to reenter the United States before some of his claims become time-barred. See Lopez v. Rozum, No. 04-5908, 2005 WL 1322515, at *1 (E.D. Pa. June 1, 2005); see also Renteria v. Zickefoose, No. 12-2413, 2013 WL 941095, at *3 n.2 (D.N.J. Mar. 7, 2013) (dismissing habeas petition as untimely because the doctrine of equitable tolling did not apply when the petitioner did not satisfy these requirements).

While Plaintiff requests that he be allowed one year to return to the United States and refile his Complaint, the Court finds that six months from the time of Judge Linares' order on this Report and Recommendation is a more appropriate period. First, it appears that Plaintiff's counsel is already in communication with the United States Embassy in Beijing. Second, Defendants fairly have an interest in some degree of finality as to whether this litigation will go forward. Defendants have represented that they continue to suffer administrative and financial burdens relating to the preservation of information. Third, approximately three months have already passed since Plaintiff made his request. Balancing these interests alongside the Undersigned's familiarity with the factual and procedural history of this matter, the Undersigned believes granting Plaintiff six months to obtain reentry and refile his suit would be appropriate under the circumstances.

## V. CONCLUSION

On balance, the Poulis factors weigh in favor of dismissal without prejudice. Therefore, the Undersigned respectfully recommends that the District Court dismisses this matter without prejudice pursuant to Federal Rule of Civil Procedure 37 and that Plaintiff be allowed six months after entry of an order on this Report and Recommendation to reenter the United States and refile his Complaint.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).


**Date: February 7, 2014**               **s/ Michael A. Hammer**
                                          **UNITED STATES MAGISTRATE JUDGE**